ORIGINAL FILED

2010 NOV 23 PM 2: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

Peter A. Davidson (SBN 76194)
pdavidson@ecjlaw.com
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Stephen J. Donell, Receiver

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL D. TREADWELL,<br><br>Defendant. | CASE NO. '10 CV 2417 BTM   AJB<br><br>**COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND RECOVER PROPERTY TRANSFERRED; FOR UNJUST ENRICHMENT AND RESTITUTION** |

Plaintiff Stephen J. Donell ("Receiver"), receiver for Learn Waterhouse, Inc. and its subsidiaries and affiliates ("LWI"), avers as follows:

## I.
## INTRODUCTION

1. Learn Waterhouse, Inc., was a purported investment company created by Randall T. Treadwell.

///

IDOCS:13326.5:1132984.1

2. Beginning in approximately December 2003 Learn solicited investments from individuals on promises of enormous returns of as much as ten percent per month.

3. Certain individuals, known as Senior Member Representatives ("SMRs"), acted as salespeople, bringing in investors and, in turn, received commissions and/or enhanced returns on their own investments.

4. Other early investors ("Participants") received a substantial amount of money as purported returns on their investments.

5. LWI was extremely successful in attracting investors and received approximately $84,000,000 in investments.

6. LWI and several of its principals are defendants in an enforcement action commenced in this Court by the Securities and Exchange Commission ("SEC") on October 12, 2004, entitled *Securities and Exchange Commission v. Learn Waterhouse, Inc., et. al.*, Case No. 04-CV-2037-W(LSP) ("SEC Action").

7. The SEC alleges in its complaint that LWI was a Ponzi scheme operated in violation of federal securities laws.

8. On November 1, 2004 Thomas F. Lennon ("Lennon") was appointed receiver for LWI in the SEC Action.

9. On November 4, 2009 Stephen J. Donnell was appointed as successor receiver for LWI in the SEC Action.

## II.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the SEC Action pursuant to sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d)(1) and 77v(a), and sections 21(d)(1),(21)(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78(u)(1), 78(u)(d)(1), 78u(d)(3)(A), 78U(e) and 78aa.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 and because this action is ancillary to the SEC Action and the receivership pending before this Court. Donell v. Kowell, 553 F.3d 762 (9th Cir. 2008).

12. This action involves the same series of transactions as the SEC Action.

13. Venue is proper in this district, because this action is ancillary to the SEC Action and the receivership currently pending before this Court.

## III.

## THE PARTIES

14. The Receiver is the duly appointed and acting permanent receiver of LWI, its subsidiaries and affiliated entities. The Receiver was appointed by order of the United States District Court, Southern District of California in the SEC Action.

15. Defendant Darrell D. Treadwell ("Defendant") is an individual who resides, on information and belief, in Jacksonville, Florida.

## IV.

## GENERAL ALLEGATIONS

A. **THE SEC ACTION**

16. On October 12, 2004, the SEC filed a complaint against LWI, Randall T. Treadwell, ("Treadwell") Rick D. Sluder ("Sluder"), Larry C. Saturday ("Saturday") and Arnulfo M. Acosta ("Acosta"), accompanied by an Emergency Ex Parte Application for Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Appointing a Receiver; (4) for Accounting; (5) for Repatriation of Assets; and (6) Order to Show Cause Re Preliminary Injunction ("TRO").

17. The Complaint alleges that the Defendant (1) engaged in the offer and sale of unregistered securities in violation of Section 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), and (2) committed fraud in the offer and sale of securities in violation of Section 17(a) of the Securities Act, and (3) committed

fraud in connection with the purchase and sale of securities under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.

18. The Court issued a TRO and an Order to Show Cause why the TRO should not be converted into a Preliminary Injunction and why the appointment of a receiver should not become permanent.

19. On November 1, 2004, the Court issued a Preliminary Injunction Order, which continued in effect the terms of the TRO and converted the receiver's temporary appointment to that of a permanent receiver.

20. On September 8, 2005, Treadwell, Sluder, Saturday and Acosta were indicted on federal criminal charges of conspiracy and wire fraud. These criminal proceedings were designated as United States District Court, Southern District of California Case No. 05 CR 1570 W.

21. In light of the criminal indictment against him, on September 21, 2005, Treadwell filed a motion to stay the civil case pending the conclusion of the criminal proceedings.

22. The Court granted Treadwell's motion for a stay, but ordered that the receivership continue and that the terms of the Preliminary Injunction remain in effect, except those provisions which require the defendants to furnish information or records to the SEC or Receiver.

23. On April 27, 2006 the Court held the stay applied to the receiver's efforts to recover funds from Participants or others based on LWI's wrongdoing.

24. The indictment charged, among other things, that Treadwell and his co-conspirators intentionally concealed from investors that new investor funds would be used to pay back earlier investors.

25. The indictment also charged that Treadwell and others caused Cash Cards International, LLC to transfer investor funds received from Acosta's attorney-client trust account back to the same investors, or earlier investors, as ostensible periodic returns on investments.

26. On June 17, 2008 Treadwell and others were found guilty of conspiracy and wire fraud as charged in the indictment.

27. Following the conviction of all defendants, the stay was lifted on January 12, 2009.

28. On March 20, 2009, the Court granted the SEC's motion for summary judgment and entered a judgment of permanent injunction against the individual defendants in the civil case.

B. **OPERATION LWI**

29. Treadwell, with the aid of Sluder, Saturday and Acosta, through the operation of LWI and affiliated entities, including Wealth Builders Club, Inc. and Quest International, Inc., solicited money from members of the public ostensibly for participation in high-yield trading programs and venture capital investments.

30. Certain investors, generally those that invested in LWI early on, were recruited or invited by the defendants to become SMRs.

31. SMRs solicited the participation of other investors and were often paid commissions or referral fees in addition to the disbursements on their own investments. Essentially, SMRs acted as sales agents of LWI.

32. Participants who invested in the early stages of LWI often received substantial disbursements, as purported returns on their investments.

33. The funds obtained by the SMRs and Participants consist of (1) amounts transferred directly to them from LWI and (2) amounts transferred to a company known as Cash Cards International, LLC ("Cash Cards") and then withdrawn by the SMRs and Participants from their accounts at Cash Cards.

34. LWI was a Ponzi scheme in which very little of the money obtained from investors was invested in any legitimate investments, and any amounts paid to Participants and SMRs were paid from other investors' funds.

35. LWI's only source of revenue was funds from investors.

36. As a result of the Ponzi scheme perpetrated by LWI and its principles, LWI investors lost millions of dollars.

C. **DARRELL D. TREADWELL**

37. Defendant obtained funds derived from the Ponzi scheme well in excess of the amount he invested with LWI.

38. The prior receiver, Lennon, demanded the return of these funds from Defendant.

## FIRST CLAIM FOR RELIEF

**(For Avoidance of and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(1))**

39. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, above, as though set forth herein in full.

40. Defendant invested in the LWI investment program.

41. Defendant received payments from LWI and/or related entities totaling $45,810.00.

42. Some payments made to the Defendant were directed to entities owned and/or controlled by Defendant including D and D Enterprises Master Account and/or DD Enterprises Master Account.

43. The payments made to Defendant by LWI and/or its related entities were made with the actual intent to hinder, delay or defraud investors in the LWI investment program.

44. Investors in the LWI investment program who did not receive back all of their principal investment are creditors of LWI.

45. LWI presently has one or more creditors whose claim arose either before or after the payments to Defendant.

46. The payments made to Defendant are avoidable by the Receiver under applicable law, including California Civil Code Section 3439.04(a)(1).

47. The Receiver is entitled to damages from Defendant in a sum of not less than $45,810.00 with interest as provided by law from the date of each payment made to Defendant.

## SECOND CLAIM FOR RELIEF

### (For Avoidance of and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(2))

48. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, and 40 and 41 above, as though set forth herein in full.

49. The payments made to Defendant were made without Defendant giving a reasonably equivalent value to LWI in exchange for the payments.

50. At the time the payments were made to Defendant, LWI was engaged in or were about to engage in a business or transaction for which LWI's remaining assets were unreasonably small in relation to the business transaction.

51. At the time the payments were made to Defendant LWI believed or reasonably should have believed it would incur debts beyond its ability to pay them as they became due.

52. LWI presently has one or more creditors whose claims existed prior to the payments to Defendant.

53. LWI presently has one or more creditors whose claims arose after the payments to Defendant.

54. The payments to Defendant are avoidable by the Receiver under applicable law, including California Code Sections 3439.04(a)(2).

55. The Receiver is entitled to damages from Defendant in a sum of not less than $45,810.00, with interest as provided by law from the date of each payment made to Defendant.

## THIRD CLAIM FOR RELIEF

### (For Avoidance of and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.05)

56. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, and 40 and 41 above, as though set forth herein in full.

57. The payments made to Defendant were made without Defendant giving a reasonably equivalent value to LWI in exchange for the payments.

58. At the time the payments were made to Defendant LWI was insolvent.

59. LWI presently has one or more creditors whose claims existed prior to the payments to Defendant.

60. The payments to Defendant are avoidable by the Receiver under applicable laws, including California Civil Code Section 3439.05.

61. The Receiver is entitled to damages from Defendant, in a sum of not less than $45,810.00, with interest as provided by law from the date of each payment in excess of Defendant's Principal Investment.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment/Restitution)

62. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, and 40 and 41 above, as though set forth herein in full.

63. Defendant received at least $45,810.00 in payments from LWI.

64. The funds received by Defendant were the proceeds of LWI's Ponzi scheme, and were paid from monies obtained from other investors in LWI.

65. As a result, Defendant has profited from the operation of LWI's fraudulent scheme. If permitted to retain the transferred funds, Defendant would be unjustly enriched at the expense of the numerous LWI investors that, in the aggregate, have lost millions of dollars.

66. As a proximate result of his actions alleged herein, Defendant has received a benefit to which he was not entitled. Defendant therefore has been

1 unjustly enriched, and the Receiver is entitled to restitution in the amount of
2 $45,810.00.

# PRAYER

WHEREFORE, the Receiver prays as follows:

1. For judgment against Defendant for $45,810.00.
2. For interest at the legal rate on the amount of the fraudulent transfers from the date of the transfers.
3. For costs.
4. For such other and further relief as the Court deems appropriate.

Dated: November 12, 2010

Respectfully submitted,

ERVIN COHEN & JESSUP LLP

By: _____
PETER A. DAVIDSON,
Attorneys for Stephen J. Donell,
Receiver

# JS 44 (Rev. 12/07) — CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter A. Davidson (SBN 76194); Ervin Cohen & Jessup LLP, 9401 Wilshire Blvd., 9th Fl., Beverly Hills, CA 90212-2974

## DEFENDANTS
DARRELL D. TREADWELL

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED 2010 NOV 23 PM 2:11 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 2417 BTM AJB

## II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT

**OTHER STATUTES**: [X] 850 Securities/Commodities/Exchange

## V. ORIGIN
- [X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: ~~28 USC 1651(a)~~, 15 USC 77t(b)
Brief description of cause: Recover Fraudulent Transfers

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $: 45,810.00
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: Thomas J. Whelan
DOCKET NUMBER: 04-CV-2037-W

DATE: 11/22/2010
SIGNATURE OF ATTORNEY OF RECORD: /s/ Peter A. Davidson

**FOR OFFICE USE ONLY**
RECEIPT # 20502  AMOUNT 350.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

CP  MS  11/23/10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS020502
Cashier ID: msweaney
Transaction Date: 11/23/2010
Payer Name: NORCO DELIVERY SERVICES
---------------------------------
CIVIL FILING FEE
  For: DONELL V DARRELL D TREADWELL
  Case/Party: D-CAS-3-10-CV-002417-001
  Amount:      $350.00
---------------------------------
CHECK
  Check/Money Order Num: 309873
  Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```